## Orzechowski v. Keefer

*Robert B. Decker,* for plaintiff.
*Jerome L. Cohen,* for defendant.

DALESSANDRO, *J.,* June 30, 1982—This matter is before the court on defendant's demurrer to the complaint.

### HISTORY AND FACTS

Plaintiffs, Darlene K. Orzechowski, and Georgene S. Ambrosino, filed this replevin action against defendant, Erma Morris Keefer, on February 9, 1982. They allege as follows: plaintiffs are the daughters of George W. Keefer, deceased, and the sole beneficiaries under his will; at the time of his death on October 29, 1980, Mr. Keefer was mar-

ried to defendant; Mr. Keefer and defendant entered into an antenuptial agreement on June 11, 1977 which provided, inter alia, that property owned by each prior to their marriage would be treated separately for distribution purposes during their lifetime and after death; the agreement also provided that neither party would acquire any rights in the real and personal estate of the other; after Mr. Keefer's death, the Court of Common Pleas of Luzerne County, Orphans' Court Division, audited the first and final account of plaintiffs and confirmed the distribution to them of Mr. Keefer's personal and household effects; no exceptions or objections were filed to the account or audit; defendant refuses to relinquish said personal and household items now in her possession; and plaintiffs are entitled to immediate possession thereof.

## DISCUSSION AND LAW

Defendant's demurrer is based solely upon the provisions of paragraph nine of the antenuptial agreement which, in pertinent part, create a life estate:

9. The parties intend to establish a marital residence in that portion of the premises, 37 Chester Street, Kingston, Pennsylvania, owned and now occupied by George as his residence, and in the case or in the event that George would predecease Erma, leaving her surviving as his surviving spouse, she shall have a right to use and possession of these premises as a life estate for the period of her life, or sooner termination by her change of residence for any purpose or reason, and during this period she shall receive rental income from that portion of the

described premises not occupied by her as her residence.

She contends that by virtue of the use of the term "premises," she has a life estate in not only the real estate but also the contents of the household, and plaintiffs therefore have no right to possession of the items they seek in this replevin action.

A demurrer, of course, may be sustained only where the complaint, beyond doubt, fails to state a cause of action: Goodrich-Amram 2d § 1017(b):11. Our review of the antenuptial agreement and the allegations of the complaint leads us to the conclusion that plaintiffs may well be entitled to the relief they request. Thus, the demurrer must be overruled and dismissed.

The parties have failed to cite any cases which interpret the term "premises." Our research, however, has revealed a relatively recent opinion which resolves a dispute as to the proper construction of the term by resorting to the dictionary definition. In Latrobe Country Club v. Com. of Pennsylvania, Liquor Control Board, 31 Pa. Commonwealth Ct. 265, 375 A. 2d 1360 (1977), the court was called upon to interpret a lengthy section of the Liquor Code dealing with issuance and transfer of hotel, restaurant, and club liquor licenses. "Premises" was not specifically defined by the statute itself, and the court cited with approval the definition set forth in the Random House Dictionary of the English Language (1969): "a tract of land including its buildings; a building together with its grounds or other appurtenances." Latrobe Country Club v. Com. of Pennsylvania, Liquor Control Board, supra, 31 Pa. Commonwealth Ct. 271, n.2, 375 A. 2d at 1362, n.2.

At bar, the complaint and its exhibits reveal no

apparent reason why such an approach to defining the term "premises" should not be applied here as well. Indeed, there is nothing in the antenuptial agreement which would indicate that the parties intended the term to have a meaning contrary to or broader than the ordinary dictionary definition. Defendant's position therefore appears to be without merit. However, the precise construction of the term could conceivably pose a factual issue as to the understanding of the parties to the agreement. Thus, it would be improper for us to reach the merits of the dispute at this stage of the proceedings. We hold simply that the allegations of the complaint, including those pertaining to prior proceedings in the orphans' court division, are, if true, sufficient to state a cause of action and entitle plaintiffs to relief.

One further matter deserves comment. Defendant has not raised the issue of subject matter jurisdiction, but the court has the power to do so sua sponte. Without briefing and argument, we decline to decide the issue now although it could become necessary to do so at some future stage in this case when the facts and issues become more sharply focused. In view of subsections (1) and (17) of §711 of the Probate, Estates and Fiduciaries Code, 20 Pa.C.S. §711, however, it might well be that the orphans' court division has mandatory jurisdiction over this dispute.


## ORDER


It is hereby ordered that defendant's preliminary objection in the nature of a demurrer is overruled and dismissed.